73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 INDUSTRIAL INDEMNITY COMPANY, Plaintiff-Counter-Defendant-Appellee,
v.
FLORISTS' MUTUAL INSURANCE COMPANY,
Defendant-Counter-Claimant-Appellant.
 No. 94-15988.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Dec. 22, 1995.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Industrial Indemnity Company filed this declaratory judgment action in federal court seeking a declaration that as an excess insurer it has no legal obligation to contribute to a settlement negotiated by its insured's primary carrier, Florists' Mutual Insurance Company. The district court granted Industrial's motion for summary judgment. Florists' appeals the district court's failure to abstain, its grant of summary judgment and entry of judgment in favor of Industrial, and its denial of Florists' motion for reconsideration.
 
 ABSTENTION
 
 4
 Industrial brought this action pursuant to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. We review an abstention decision for abuse of discretion. Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2144 (1995). A district court ordinarily does not abuse its discretion in refusing to abstain on an action filed prior to the parallel state court action. See Aetna Cas. and Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir.1992).
 
 SUMMARY JUDGMENT
 
 5
 The district court entered judgment in Industrial's favor on the ground that Florists', as the insured's subrogee, was not entitled to contribution because the "no action" clause in the Industrial policy provides that "[n]o one may bring a legal action against us under this [policy] until ... we agree in writing that the 'insured' has an obligation to pay," and Industrial did not agree in writing to the settlement of the underlying action.
 
 
 6
 The cases cited by Florists' for the proposition that a "no action" clause cannot be asserted in a declaratory judgment action involve factual circumstances distinguishable from the present. There is no principled reason for precluding Industrial from asserting its contractual rights simply because it is litigating its rights within the context of a federal declaratory judgment action rather than in an action for contribution brought by Florists' in state court.
 
 
 7
 The cases cited by Florists' for the proposition that Industrial is estopped from asserting the "no action" clause are inapposite because Industrial, as the excess insurer, did not breach its duty to defend. See Diamond Heights Homeowner's Ass'n v. National Amer. Ins. Co., 277 Cal.Rptr. 906, 227 Cal.App.3d 563 (1991) ("Generally, the primary insurer alone owes a duty to provide and bear all costs of the defense"); see also Nabisco, Inc. v. Transport Indemnity Co., 192 Cal.Rptr. 207, 209, 143 Cal.App.3d 831 (1983) ("Generally, an excess insurer has no duty to participate in the insured's defense ... until primary coverages are exhausted"). Moreover, although an excess insurer "may waive its rights under [a 'no action' clause] if it rejects a reasonable settlement and at the same time fails to offer to undertake the defense," Diamond Heights, 277 Cal.Rptr. at 916, 227 Cal.App.3d at 581, Industrial was not given an opportunity to reject the settlement offer. Finally, no reasonable jury could find that Industrial either waived its consent or indeed consented to the settlement in the underlying case.
 
 
 8
 The district court correctly determined that, as the insured's subrogee, Florists' had no greater rights against Industrial than did the insured and that Industrial was not precluded from relying upon the "no action" clause of its policy under the circumstances. The "no action" clause clearly precludes the maintenance of a suit against Industrial compelling it to contribute to a settlement until it has given its written consent to the settlement. Because Industrial's written consent was not obtained in the underlying action, any claim by Florists' for contribution is barred by this clause. Consequently, the district court correctly granted Industrial's summary judgment motion and entered judgment in favor of Industrial.
 
 
 9
 Because the district court correctly granted summary judgment in Industrial's favor and Florists' did not subsequently present the district court judge with newly discovered evidence or intervening case law, the district court did not abuse its discretion in denying Florists' motion for reconsideration.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3